UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THEODORE R. WEIR,

    Plaintiff,

v.                                           Case No. 8:10-mc-33-T-23TGW

STATE OF FLORIDA,

    Defendant.
                                           /

**ORDER**

Weir's "Motion for Writ of Certiorari," which seeks to "renew all motions to the U.S. District Court-Tampa which was denied on March 26, 2010," apparently stems from his conviction for child pornography in Polk County, Florida, and the Second District Court of Appeal's denials of his "petitions for writ of certiorari." However, the Rooker-Feldman doctrine precludes a district court's reviewing a state court decision.

> It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L.Ed.2d 362 (1923). Under the Rooker-Feldman doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States. Dale v. Moore, 121 F.3d 624 (11th Cir. 1997). Jones cannot utilize 42 U.S.C. § 1983 to recast his claim and thereby obtain collateral review in federal court of the state court decision. Berman v. Florida Bd. of Bar Examiners, 794 F.2d 1529 (11th Cir. 1986).

Jones v. Crosby, 137 F.3d 1279, 1280 (11th Cir.), cert. denied, 523 U.S. 1041 (1998).

Accordingly, Weir's "Motion for Writ of Certiorari" (Doc. 1) is **DENIED**, and Weir's

request (Doc. 2) for leave to proceed in forma pauperis is **DENIED AS MOOT**. The Clerk shall terminate any pending motion and close the case.

ORDERED in Tampa, Florida, on April 19, 2010.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE